UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

*02- 2080*

| | |
|---|---|
| **FEDERAL HOME LOAN MORTGAGE CORPORATION** **8200 JONES BRANCH DRIVE** **McLEAN    VA 22102** **Employer #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** Plaintiff | CIVIL ACTION NO.CV2080(DRD) |
| vs. | COLLECTION OF MONEY AND FORECLOSURE OF MORTGAGE |
| MARISOL NEGRON GONZALEZ BY HERSELF AND AS PART OF THE ESTATE OF RAMON NEGRON ROSADO AND HIS HEIRS; HIS WIFE ANGELICA GONZALEZ RIVERA; ALEXANDER NEGRON NIEVES REPRESENTED BY HIS MOTHER JANE DOE ; FRANCISCO NEGRON GONZALEZ, JESUS NEGRON GONZALEZ, CARMEN MILAGROS NEGRON GONZALEZ Defendants |  |

## JUDGMENT

Upon Plaintiff's application for judgment, and it appearing from the records of the above entitled cause that default was entered by the Clerk of this Court against the defendant(s) for their failure to plead or file an answer to the complaint, or otherwise appear in the above cause, against which defendant(s) plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts;

**IT IS HEREBY ORDERED**, **ADJUDGED AND DECREED** that:

1. The mortgage constituted by Marisol Negron Gonzalez, Ramon Negron Rosado and his wife Angelica Gonzalez Rivera by deed number 312 before notary public, Teresa Navarro Garcia at San Juan, Puerto Rico, on the 12TH day of March,1993, securing a

mortgage note, payable to the order of the plaintiff Doral Mortgage Corporation now Doral

Financial Corporation, is a valid and subsisting mortgage and constitutes a lien prior to the

estate or interest of the defendant(s) in the above cause, on the mortgaged premises, as

described in paragraph two of the complaint on file in the above cause, to wit:

> —URBANA: Parcela de terreno ubicada en el Barrio
> Guaraguao Abajo y Minillas del Municipio de Bayamón, Puerto
> Rico, identificada en el plano de inscripción de la Urbanización
> Villas de San Agustín, como solar número 4 de la manzana B,
> Sección 1ra., con una cabida superficial de 325.00 metros
> cuadrados; en lindes por el NORTE, con remanente de la
> finca, en una distancia de 13.00 metros; por el SUR, con la
> calle número 4 de la urbanización, en una distancia de 13.00
> metros; por el ESTE, con el solar número 3 de la manzana B
> de la urbanización; y por el OESTE, con el solar número 5 de
> la manzana B de la urbanización, en una distancia de 25.00
> metros . Enclava una casa.---------------------------------------------
> —Consta inscrita al folio 271 del tomo 1270 de Bayamón, finca
> número 57,141.

2. Defendants, as debtors under said note and/or as present owners of the land and

building hereinbefore referred to, are hereby ordered and adjudged to pay unto the plaintiff

the sum of $ 53,334.12 of principal of the said first mortgage note, plus interest of said sum

from 1st day of January, 2001, at the rate of 7-3/4% per annum, plus $5,850.00 for costs,

charges, disbursements and attorney's fees in the above cause, plus all expenses and

advances made by the plaintiff.

3. In default of the payment of the sums hereinbefore specified or of any part

thereof, within ten (10) days from the date of entry of this judgment, the mortgaged

property described in paragraph one (1) hereof, shall be sold at public auction to the

highest bidder therefor, without an appraisal or right of redemption for the payment and

satisfaction of plaintiff's mortgage within the limits secured hereby.

4. Mr. Carlos F. Valcarcel, is hereby designated and appointed Special Master to

make the sale hereinbefore mentioned but said Special Master shall not proceed to carry out the said sale, nor do anything in connection therewith, until further order of this Court and under the form and conditions to be directed by this Court.

5. The sale to be made by the Special Master appointed herein shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is $58,500.00.

6. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

(a) To the payment of all proper expenses attendant upon said sale, including the expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after the said compensation and expenses shall have been fixed and approved by the Court, all said expenses to be deducted from the sum of $5,850.00 provided in the deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

(b) To the payment of that part of the indebtedness owed to plaintiff up the amount of $53,334.12, of principal with interest thereon from the 1st day of January,2001 to date of full payment at 7-3/4% per annum, plus the balance of the sum of $ 5,850.00 for costs, charges, disbursements, expenses and attorney's fees due in the above cause, after deduction of the expenses mentioned in the preceding subparagraph .

(c) If after making all the above payment there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders

of the Court.

7. Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest, in accordance with the terms of this judgment.

**SO ORDERED**.

In San Juan, Puerto Rico, this day of July , 2005.

**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**